UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v.            : | Criminal No. CR-06-092-01-TFH |
| RAYMOND F. COOKE : | |
| Defendant      : | |

## MOTION TO REVIEW CONDITIONS OF PRETRIAL RELEASE

Comes now the Defendant, RAYMOND F. COOKE, by and through counsel, Richard A. Finci and the Law Offices of Houlon, Berman, Bergman, Finci & Levenstein and respectfully states as follows:

1. On March 17, 2006, a Detention Hearing was conducted before United States Magistrate Judge John Facciola in the above referenced matter. At the hearing, Judge Facciola ordered Defendant's detention pending Trial and issued a Detention Memorandum on March 20, 2006, a copy of which is attached hereto at Tab 1.

2. In the Detention Memorandum, the Court found "clear and convincing evidence that there are no conditions or combination of conditions which could reasonably assure the safety of the community." The factual basis for the Court's ruling was the Defendant's involvement in "selling large quantity of drugs." The only factors weighing against those drug quantities, according to the Court, was Defendant's proffered "lifelong ties to the D.C. area to rebut the presumption of dangerousness created by the Bail Reform Act."

3.   Pursuant to 18 U.S.C. §3142, Defendant respectfully suggests that information exists not known to the Court at the time of the hearing which rebut the presumption of dangerousness and demonstrate conditions which would reasonably assure the safety of the community.

4.   At the time of the hearing, the Court was not presented with evidence concerning Defendant's retail store located at Landmark Mall called Urban Styles with an address of 5801 Duke Street. The store employs a total of four individuals including Defendant, his 15 year old daughter and two other employees. Attached hereto at Tab 2 is page one of a lease which existed for Defendant's retail store dated February 3, 2005 which terminated by its own terms February 14, 2006, at Tab 3 a lease dated April 3, 2006, which terminates by its terms on or about April 30, 2006 (temporary lease) and at Tab 4 the first page of what would be a permanent lease for the store. The entire lease documents are available and will be provided to the Government by mail and to the Court at any hearing on this Motion.

5.   Additionally, prior to his detention, Defendant was under the care of Dr. David Pearl, a Cardiologist, who is treating Defendant for high blood pressure and an arterial blockage. He previously had an angiogram in 2004 and is being closely monitored. Defendant has recently been seen by a doctor at CTF but has not been allowed to continue on the same medications he was on prior to his incarceration and his medical condition has suffered as a result.

6. It is respectfully suggested to this Honorable Court that the Court did not base its decision on any evidence demonstrating that firearms or violence were in any way involved in Defendant's alleged drug dealing. Moreover, it is further evident that the number of alleged drug deals and the weight of the amount allegedly purchased in this case was controlled by the undercover officers. If the testimony of the officer's at the Preliminary Detention Hearing was accurate, Defendant could have been arrested after the first transaction. Thus, the quantities allegedly involved in this case should not control the Detention issue. It is respectfully suggested that if the Detention Statute had intended to require detention where more than one drug transaction is involved, it would so state.

Moreover, while Defendant has a very old criminal conviction, he has no prior record at least for the purposes of the Federal Sentencing Guidelines and will thus be treated as a first offender. In the absence of any demonstration of actual dangerousness, the mere nature of the charge in this case, it is respectfully suggested, does not outweigh the other factors and conditions which the Court can establish such as curfew, regular drug testing and similar conditions to protect the community.

7. The Magistrate had before him certain mis-information about the Defendant's residence. While it is true that the property believed to be Defendant's home when it was searched was empty, that is because the property was under renovation.

**WHEREFORE**, Defendant respectfully requests the following relief:

1. That this Honorable Court review and reconsider the denial of Pretrial Release and order of detention in the present matter.

2. Such further and additional relief as just may require.

Respectfully submitted,

_____
RICHARD A. FINCI
HOULON, BERMAN, BERGMAN,
FINCI & LEVENSTEIN
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
(301) 459-8200
e-mail: finci@houlonberman.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _____ day of _____, 2006, a copy of the foregoing Line was mailed, postage pre-paid, to:

Martin Dee Carpenter, Esquire
United State's Attorney
for the District of Columbia
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20001

_____
RICHARD A. FINCI