UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CR NO. 06-120 (JMF)

RAYMOND COOKE - 01,
TAMMY ODOM - 02,

Defendants.

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On Tuesday, March 14, 2006, at approximately 8:00 p.m., Detective Lavinia Quigley, working undercover for the Metropolitan Police Department along with Detective Allen, was in the vicinity of the 800 block of Delafield Place, N.W. in Washington, D.C. Previously, Allen had arranged by phone to meet Odom in that area and purchase 125 grams of crack cocaine for $4,000.

2. When the police arrived at the location, Odom came out of her house and got into the officers' unmarked car. Allen gave Odom $4,000. Shortly thereafter, Cooke drove up in a burgundy Maxima with Virginia tags and stopped approximately 20

feet in front of the unmarked car.

3. Odom got out of the unmarked car and entered Cooke's car. After a few minutes, Odom got out of Cooke's car and reentered the unmarked car. Odom gave Allen a clear ziplock bag, which contained 125 grams of crack cocaine. Odom was then arrested

4. Cooke was arrested moments after he had driven away. From Cooke's car, the police seized the $4,000 in pre-marked funds. From Cooke's left coat pocket, the police seized three plastic bags. One of the bags contained crack cocaine and two of the bags contained powder cocaine. From Cooke's pants pocket, the police seized $239.

5. The activities that took place in the undercover car was audio and videotaped and Cooke's car was under electronic surveillance.

6. On six prior occasions and in the same manner described above, Odom had facilitated the sale of crack cocaine to these undercover officers. On three of those occasions, Odom had facilitated the sale of 62 grams of crack cocain and on the remaining three occasions, Odom had facilitated the sale of 125 grams of crack cocaine. On four of the six prior occasions, Cooke supplied Odom with the drugs she then sold to the undercover officers in the exact same manner as occurred on March 14, 2006.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on

2

any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

3

   d. Record concerning appearance at court proceedings;

   e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offense charged, that these two defendants were involved in the wholesale distribution of large quantities of crack cocaine is clearly one involving a narcotic drug.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**

Odom is a lifelong resident of the District of Columbia. She is divorced and has three children, none of whom live with her. Odom completed two years of college education.

Cooke is a lifelong resident of the District of Columbia. He is single and has three children, one of whom is living with him.

**The weight of the evidence.** The weight of the government's case is overwhelming. Not only were the phone calls from the undercover officer to Odom tape recorded but the transactions themselves were video and audiotaped.

4

**History relating to drug or alcohol abuse.** No drug use was indicated for Cooke and no information was available as to Odom.

**Record concerning appearance at court proceedings and prior criminal record.**

Odom has no prior convictions.

In December of 1985, Cooke was convicted of simple assault and sentenced to 180 days of confinement (suspended) and one year of supervised probation. In September of 1986, Cooke was convicted of theft in Maryland and sentenced to 30 days confinement and one year of probation.

**Whether on probation or parole at the time of the present offense.** Neither defendant was on probation or parole at the time of the present offense.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendants should be detained pending trial. On five occasions, undercover officers audio and videotaped the sale of large amounts of crack cocaine by these two defendants, working jointly. They clearly are in the business of selling large quantities of drugs. They proffered little more than their lifelong ties to the D.C. area to rebut the presumption of their dangerousness created by the Bail Reform Act. I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendants detained without bond pending trial.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

March 17, 2006

5