UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 06-92-01 (TFH) |
| | : | |
| RAYMOND FRANCIS COOKE, | : | Status Hearing: April 13, 2007 |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR MODIFICATION OF BOND & EMERGENCY HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Opposition to Defendant's Motion for modification of bond and for emergency hearing. The Government relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this matter. The Government objects to Defendant's filing of his motion for bond review and we submit that he presents nothing of merit that has not been previously considered and rejected by Magistrate Judge Facciola on March 17, 2006.

STATEMENT OF FACTS

We incorporate by reference the findings of fact and conclusions of law as reflected in the Detention Memorandum, rendered by the Honorable Magistrate Judge John Facciola on March 20, 2006.

Defendant Cathy Odom, also known as Tammy Odom, and several associates, both known and unknown, to the United States, have conspired to distribute and possess with intent to distribute Cocaine Base, also known as "Crack" a controlled substance, in violation of Title 21 United States Code §§ 841(a)(1) and 846. This conspiracy has venue and jurisdiction in the District of Columbia. The substances seized and distributed during this investigation were analyzed by the Drug Enforcement Administration Laboratory and were determined to in fact be Cocaine Base, also known

as "Crack" a controlled substance. The Cocaine Base or Crack utilized during the charged conspiracy was could be smoked and ingested by various methods to cause a narcotic or drugged effect. Defendant Odom conspired with various individuals, both known and unknown to the United States to include, but not limited to: Raymond Cooke, Niel Eugine Thomas, also known as Neil Eugene Thompson, and Marion Christopher David. Between May 7, 2004 and March 14, 2006, Defendant Odom distributed to undercover officers cocaine base also known as crack on ten different occasions ranging in amounts from approximately 23 grams for $1,200.00, in U.S. Currency to 130 grams for $4,000.00, in U.S. currency. Defendant Odom, who was the intermediary for her suppliers, would call individuals like Defendants Cooke and Thomas aka Thompson to obtain the crack cocaine and then she would sell it to the undercover officers with the bulk of the illicit profits or monies going to persons like Defendants Cooke and Thomas aka Thompson. In total, the United States purchased 669 grams of crack cocaine from Defendant Odom at a cost of $21,400.00, in U.S. currency. During the course of this conspiracy Defendant Odom obtained from Defendant Raymond F. Cooke, on eight different occasions, Cocaine Base or Crack in amounts ranging from a 62 or 62 grams to 130 grams of Cocaine Base or Crack, in total amount which was more than 500 grams. The substances purchased from Defendant Odom during this investigation were analyzed by the Drug Enforcement Administration Laboratory and were determined to in fact be Cocaine Base, also known as "Crack" a controlled substance.

## ARGUMENT

1. Defendant Cooke does not provide this Court with any new facts or legal authority to demonstrate that the magistrate judge below erred in its judgment to hold him without bond, pursuant to 18 U.S.C. 3142(F), until his trial. The Government has demonstrated by clear and convincing evidence that Defendant Cooke presents a danger to this community and that there are no conditions or combination of conditions which can be set to reasonably assure the safety of the

community from Defendant Cooke. See United States v. DiGiacomo, 746 F.Supp. 1176 (D. Mass. 1990); United States v. Dumot, 634 F. Supp. 407 (W.D. Pa. 1986). Clearly, the Magistrate Court did not abuse its discretion in holding Defendant Cooke without bond since even Defendants, like Cooke, without significant prior criminal records can be held without bond. United States v. Shea, 749 F. Supp. 1162 (D. Mass. 1990); United States v. Knight, 636 F. Supp. 1462 (S.D. Fla. 1986).

2. The Government has established that Defendant Cooke is dangerous at various levels. The large amounts of narcotics that Defendant Cooke sold as well as the large sums of money that were paid to Defendant Cooke for the narcotics demonstrates his dangerousness. See United States v. Alexander, 742 F. Supp. 421 (N.D. Ohio 1990). Defendant Cooke has demonstrated that he can assemble great financial resources which could easily finance his relocation and thereby evade prosecution. United States v. Estela Melendez, 700 F. Supp. 82 (D. Puerto Rico 1988). The Magistrate Court has already determined that the amount of narcotics that Defendant Cooke sought to possess, the large sums of money paid for the narcotics, his prior criminal history, as well as his status as a resident of the District of Columbia, all demonstrate that he should be held without bond pending trial. This Magistrate Court's decision should not be disturbed.

3. It took a very elaborate undercover operation to disclose the surreptitious illegal conduct of Defendant Cooke, who possessed the ability to move large amount of drug on the basis of a telephone call. His conduct transpired over a significant period of time and earned him substantial, but illicit profits. Defendant Cooke has been held a significant period of time based on his own choices and conduct. Defendant Cooke chose to hire an attorney and then fired that attorney and took a substantial period of time to decide on a new attorney. Defendant Cooke has asked for additional time in which to file motions, still he has not filed any motions in his case, despite asserting that he wants a speedy trial.

WHEREFORE, for the foregoing reasons, the Government respectfully submits that the Defendant's Motion should be DENIED.

    Respectfully submitted,

    JEFFERY A. TAYLOR
    UNITED STATES ATTORNEY
    D.C. Bar No. 246-470


By: _____
    MARTIN DEE CARPENTER
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 12th day of April, 2007, to counsel for Defendant Cooke, Brian McDaniel, Esquire, by electronic filing kbmassociates@aol.com and by first class mail, postage prepaid, to Suite No. 506, 1211 Connecticut Avenue, Northwest, Washington, D.C. 20036, Office No. (202) 331-0793; Facsimile (202) 331-7004.


_____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C. 20530
(202) 514-7063

Email: martin.carpenter2@usdoj.gov