## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>RAYMOND COOKE )<br><br>Defendant, )<br>_____) | Case No. 06-CR-92 |

### DEFENDANT RAYMOND COOKE'S  MOTION TO SEVER DEFENDANTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Now comes the defendant, Mr. Raymond Cooke, by and through his counsel Brian K. McDaniel and McDaniel & Asso. P.A., respectfully requesting that this court, pursuant to the Sixth Amendment to the United States Constitution, order the severance of his trial from that of his co-defendant, Niel Eugine Thomas, in case no. 06-92(TFH), which in the interest of justice would mandate a separate trial. In support of this Motion, counsel states the following on information and belief:

### FACTS

Members of the Metropolitan Police Department in a covert investigation allegedly involving Co-Defendants Neil Eugene Thomas and Raymond F. Cooke, conducted surveillance, controlled buys and search warrant execution in connection with the above captioned matter. It is alleged by indictment that Mr. Cooke and Mr. Thomas were involved in a conspiracy to Distribute and Possess With the Intent to Distribute Cocaine in the District of Columbia from on or about May 7, 2004 to March 14, 2006.

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**Introduction:**

This Honorable Court should grant severance in the above-captioned matter where severance of Defendants Cooke and Thomas, is justified on prejudice grounds where there is serious risk that a joint trial would compromise the specific trial right of Defendant Cooke.  Fed.Rules Cr.Proc.Rule 14, 18 U.S.C.A.

**Governing Legal Principles:**

Rule 14 of the Federal Rules of Criminal Procedure, governs when a trial judge has discretion to sever defendants: If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendant or provide whatever other relief justice requires.

The Supreme Court has defined "prejudice" in this context to be a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993), *quoted in United States v. Edelin,* 118 F.Supp.2d 36, 41 (D.D.C.2000). Thus, the primary element that this Court must examine when determining whether severance would be appropriate is whether joinder would result in a violation of the constitutional fair trial rights of any defendant. *United States v. Spitler,* 800 F.2d 1267, 1271 (4th Cir.1986); *Edelin,* 118 F.Supp.2d at 41.

Counsel for Mr. Thomas, Mr. Eduardo Balarezo, is involved in a protracted trial before the Honorable Judge Richard Roberts. As a result Mr. Thomas will not be able to

schedule this matter for trial until late 2007. Mr. Cooke has been incarcerated in this

matter since the date of his arrest on March 14, 2007. As a result, and further delay would

be a violation of his 6th amendment rights.

WHEREFORE, and for the foregoing reasons, and any others that may appear to

the Court after a hearing on this matter, Mr. Cooke respectfully requests that the Court

grant his Motion For Severance.

Respectfully Submitted,


_____/s/_____
Brian K. McDaniel
McDaniel & Asso. P.A.
1211 Connecticut Ave. N.W.
Suite 506
Washington, D.C. 20036
Telephone 202 – 331 – 0793
Counsel for Raymond Cooke


CERTIFICATE OF MAILING

I hereby certify that on this 11th day of April, 2007 a copy of the foregoing
Motion was electronically filed and copies will be forwarded to the Clerk of the Court
and the Assistant United States Attorney in this matter.


_____/s/_____
Brian K. McDaniel