

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*

*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 22, 2006

Brian McDaniel, Esquire
Suite No. 506
1211 Connecticut Avenue
Northwest, Washington, D.C. 20036

      Re: **United States v. Raymond F. Cooke;** Criminal Number: 06-92-01 (TFH)

Dear Attorney McDaniel:

      This letter confirms the agreement between your client, **Raymond F. Cooke**, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

**Raymond F. Cooke's** Obligations, Acknowledgments and Waivers:

      1. Your client, **Raymond F. Cooke**, agrees to admit guilt and enter a plea of guilty to Count One of the Indictment charging him with Conspiracy to Distribute and Possession with Intent to Distribute 669 grams of a Mixture and Substance Containing a Detectable Amount of Cocaine Base, also known as "Crack," in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii). Your client understands that pursuant to 18 U.S.C. Section 841 (b)(1)(A)(iii), the charge carries a statutory minimum sentence of ten years and a statutory maximum sentence of life imprisonment, a period of supervised release of at least five years, and a fine in the amount of $4,000,000. In addition, your client agrees to pay a special assessment of $100.00 for his felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that subject to the terms of paragraph three of this plea agreement, your client will be sentenced according to 18 U.S.C. § 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client further understands that pursuant to 18 U.S.C.

Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2. The government estimates that pursuant to the 2004 Sentencing Guidelines, the Base Offense Level for your client is 36 more than 500 grams of a mixture and substance containing Cocaine Base, also known as Crack, (actual 669 grams of crack) with a Guideline Range of 188 to 235 months of incarceration. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

3. The government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this agreement. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct. We agree that your client is not eligible to receive consideration pursuant to the Safety Valve Provisions, Section 5C1.2., 2D1.1(b)(6) and 18 U.S.C. Section 3553(f)(1)-(5). Therefore, the Safety Valve Provisions do not apply to your clients case.

4. Your client and the Government agree that a sentence of ten (10) years, that is 120 months of confinement in prison, is the appropriate sentence for the offense to which your client is pleading guilty. The agreement does not limit the fine or period of supervised release that the Court may impose in this case; the maximum fine and period of supervised release, which are subject to the statutory limitations, are detailed in paragraph one of this agreement. The Government agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

5. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. Section 3143, your client continue to be detained without bond pending your client's sentencing in this case.

6. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offenses to which your client is pleading guilty; the right to be tried by a jury ,or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

7. Your client understands, that consistent with paragraph three of this agreement, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of supervised release and fine up to the maximum allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed, except as provided in paragraph three of this agreement. Such a motion to withdraw shall constitute a breach of this agreement.

9. Your client agrees that prior to the acceptance of the plea that he will adopt the and sign the attached Statement of Offense. Further, your client agrees to provide an insulating statement under oath regarding his degree of knowledge in this case involving his coconspirators with whom he was originally charged in the indictment.

THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

10. This Office will request that the Court dismiss the remaining counts of the Indictment in this case at the time of sentencing.

General Conditions

11. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

12. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

13. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

                                             Sincerely yours,

                                             _____
                                             JEFFERY A. TAYLOR
                                             UNITED STATES ATTORNEY

                                             _____
                                             Martin Dee Carpenter
                                             Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

      I have read this plea agreement and have discussed it with my attorney, Brian K. McDaniel, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

      I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date:_____              _____
                                          Raymond F. Cooke
                                           Defendant

## ATTORNEY'S ACKNOWLEDGMENT

      I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _____        _____
                                             Brian K. McDaniel, Esquire
                                             Attorney for Defendant Cooke