UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) CR. No. 06-92-01 (TFH/AK)<br>RAYMOND F. COOKE, )<br>)<br>Defendant. )<br>) | |

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge by the Honorable Thomas F. Hogan, Chief Judge, for the acceptance of a plea to Count One of the original Indictment, alleging a violation of 21 U.S.C. §§846 and 841(a)(1) and (b)(1)(A)(iii), charging the Defendant with Conspiracy to Distribute and Possession With Intent to Distribute 699 grams of a Mixture and Substance Containing a Detectable Amount of Coaine Base.

Hearing on Plea

The Defendant, Raymond F. Cooke, came before the Court on August 29, 2007, represented by counsel, Brian K. McDaniel.  The Government was represented by Assistant United States Attorney Martin Dee Carpenter.  For the record, Defendant, Defendant's counsel and Government counsel consented to proceed before the undersigned United States Magistrate Judge, for the purpose of conducting the plea colloquy and accepting the plea.  The Court placed Mr. Cooke under oath and ascertained that he was competent to enter a plea to Count One of the original Indictment, and the Court then proceeded to explain the nature of the charge to which the plea was being offered.

The Court followed Rule 11 of the Federal Rules of Criminal Procedure, advising the Defendant of the maximum possible penalty provided by law and ascertaining his awareness of the Sentencing Guidelines and the fact that such Guidelines are no longer mandatory, but should be considered by the sentencing court. The Defendant acknowledged that he wished to waive his right to a jury trial before a United States District Court Judge and that by entering a plea of guilty, which, if accepted by the District Court, would waive his right to appeal a judgment of guilt. The Defendant indicated that the terms and conditions contained in the plea agreement, which was filed and made part of the record in this case, accurately reflected the agreement between himself, his counsel, and the United States and that no other promises, other than what was contained in the plea agreement, had been made to him in order to secure his plea of guilty in this case. Defendant acknowledged that he conspired to distribute and unlawfully possessed with intent to distribute cocaine base.

The Court found, after advising the Defendant of his rights, Mr. Cooke's plea of guilty to Count One of the original Indictment was voluntarily and knowingly made and that his admission of guilt encompassed each of the elements of the offenses charged in Count One of the original Indictment.

Recommendation

The undersigned recommends that the trial court accept Mr. Cooke's plea of guilty based upon this Court's finding that the plea of guilty was knowingly and voluntarily made by Mr. Cooke, who was found to be competent and that he fully understood the nature and the consequences of entering such a plea. Following the entry of the plea of guilty, the Court directed that the Defendant be continued on his "held without bond" status. Defendant was

referred to the Probation Office for a Pre-sentencing Investigation Report. Defendant will be sentenced by the Honorable Thomas F. Hogan on November 2, 2007, at 10:00 a.m.

August 29, 2007 _____/S/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE